## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | |
|---|---|
| LEATHA WILLIAMS, as guardian of a minor, LAUREN WILLIAMS and ALICIA WILLIAMS, | ) ) ) |
| Plaintiff, | ) No. 3:05-cv-141 ) Jarvis/Shirley ) |
| v. | ) ) ) |
| CAMPBELL COUNTY, TENNESSEE, et al., | ) ) ) |
| Defendants. | ) ) |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Come Defendants, Campbell County, Tennessee, Ron McClellan, as Sheriff of Campbell County, Tennessee, Jerry E. Cross, as Mayor of Campbell County, Tennessee, Charles Scott, David Webber, Samuel Franklin, Nora Robbins, and Tony Ayers, and respectfully move the Court, pursuant to Fed. R. Civ. P. 56, for summary judgment on the grounds that there is no genuine issue as to any material fact, and defendants are entitled to judgment as a matter of law on the following bases:

1. All defendants are entitled to summary judgment on plaintiffs' federal claim brought pursuant to 42 U.S.C. §1983 because plaintiffs cannot meet their burden of proving that any individual defendant had actual subjective knowledge that the decedent posed a substantial suicide threat, and plaintiffs cannot introduce sufficient evidence to overcome summary judgment on this issue;

2. All defendants are entitled to summary judgment on plaintiffs' federal claim brought pursuant to 42 U.S.C. §1983 because plaintiffs cannot meet their burden of proving that any

individual defendant exhibited deliberated indifference towards the decedent, and plaintiffs cannot introduce sufficient evidence to overcome summary judgment on this issue;

3. Chief Deputy Charles Scott is entitled to summary judgment because plaintiffs cannot meet their burden and establish facts which, if true, would suffice to establish supervisory liability, and plaintiffs cannot introduce sufficient evidence to overcome summary judgment on this issue;

4. All individual defendants are entitled to summary judgment based on qualified immunity because plaintiffs' can not provide proof which would amount to a violation of the decedent's clearly established constitutional rights, the contours of which were so defined at the time of the events in question that the defendants were on notice of the clear unlawfulness of the alleged conduct, and plaintiffs cannot introduce sufficient evidence to overcome summary judgment on this issue;

5. Defendants are entitled to summary judgment because no policy or custom of Campbell County was the moving force behind any alleged violation of the decedent's constitutional rights.

6. This Court should dismiss plaintiffs' state law claims without prejudice, or in the alternative grant summary judgment thereon because plaintiffs can not produce information from which to establish duty and proximate causation, and plaintiffs cannot introduce sufficient evidence to overcome summary judgment on this issue;

7. The defendants are entitled to summary judgment on plaintiffs' claim of unconstitutional conditions existing in the Campbell County Jail because this claim is barred by *res judicata*, or claim preclusion.

Respectfully submitted this 21 day of July, 2006.

                        BY:    <u>/s/John C. Duffy, BPR#010424</u>
                                  John C. Duffy
                                  Attorney for Defendants
                                  P.O. Box 11007
                                  Knoxville, TN 37939-1007
                                  Phone: (865) 766-0904

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing has been filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

      Dated this 21 day of July, 2006.

                                        BY:    <u>/s/John C. Duffy</u>