# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| LEATHA WILLIAMS, as guardian of a minor, LAUREN WILLIAMS and ALICIA WILLIAMS, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:05-cv-141 ) ) |
| CAMPBELL COUNTY, TENNESSEE, ET AL. | ) ) ) |
| Defendants. | ) ) |

## AFFIDAVIT OF CAMPBELL COUNTY SHERIFF RON MCCLELLAN

Sheriff Ron McClellan, after being duly sworn according to law, deposes and says as follows:

1. My name is Ron McClellan. I have been Sheriff of Campbell County for approximately 16 years. Before being elected Sheriff, I was employed by the LaFollette Police Department.

2. The decedent, Ted Williams, was hired by the Campbell County Sheriff's Office on November 18, 1988. He was a member of the Narcotics Unit at certain times during his employment. After being charged with four counts of Obtaining a Controlled Substance by Fraud, Williams was terminated on August 8, 1999 . On September 1, 1999, a guilty verdict was entered against Williams in the Campbell County Criminal Court on these charges. Williams was sentenced to two years in the Tennessee Department of Correction and four years of supervised probation. (See Judgement attached hereto as Exhibit A).

3. Between 2001 and 2003, Williams, despite losing his career, serving time in prison, a

1

divorce, and battling drug addiction, was incarcerated in the Campbell County Jail on three separate occasions without incident. Ted Williams remained friendly and was not considered a suicide risk after facing all of the above problems without harming himself. (See Inmate History Report attached hereto as Exhibit B)

4. Williams was indicted by the Campbell County Grand on charges of Felonious Sale of Schedule II Controlled Substance, Felonious sale of Schedule II more than .5 grams, and Felonious sale of Schedule IV Controlled substance on February 11, 2004. A Capias and Bond was also issued for his arrest by the Campbell County Criminal Court. (See Capias and Bond attached hereto as Exhibit C)

5. Ted Williams was booked into the Campbell County Jail on February 18, 2004. He was placed into the "hospital" cell, which is commonly used to segregate inmates from the general population. The "hospital" cell is the only cell available for the segregation of inmates, other than the drunk tanks. Williams was placed into this cell for his protection, due to his status as a former law enforcement officer and member of the Narcotics Unit.

6. I can state with certainty that Williams was not placed into the "hospital" cell because he was on suicide watch. This cell would not be used to house an inmate who was on suicide watch, because it is designed for comparative comfort, rather than a barren cell where nothing exists to tie anything onto.

7. Because Williams was a former law enforcement officer, all efforts were made to ensure his comfort during his incarceration. For example, Williams was allowed to retain his personal clothing. Inmates who are placed on suicide watch are never allowed to keep their personal clothing. They are issued a suicide prevention smock.

8. I, accompanied by Chief Charles Scott, spoke with Williams at approximately 2:30 p.m. on February 18, 2004. I had known Williams for approximately 20 years, since we had worked together at the LaFollette Police Department, as well as the Campbell County Sheriff's Department. Williams and I had also been friends outside of work. Thus, I wanted to make sure that my friend Ted was comfortable. I took Williams a cup of coffee, and we talked for approximately 45 minutes. I asked Williams if he thought he would be able to make his bond, and he said that he thought he would. Williams even stated that he did not want to be moved to another facility. During our conversation, Ted Williams joked and laughed about his charges, and seemed to be lighthearted and jovial.

9. I also spoke with Williams on at least one other occasion during his incarceration. I removed Williams from his cell and allowed him to come to the kitchen with me for a cup of coffee. He also was allowed to take a shower and use the phone at that time. Williams seemed to be in a good mood at that time.

10. Williams never expressed any suicidal intent to me, whether verbally or otherwise, at any time during his incarceration.

11. Ted Williams was incarcerated for approximately 43 hours before he committed suicide. He was found at approximately 4:50 am on February 20, 2004, hanging from his cell door by an extension cord.

12. Williams had been allowed to retain a radio and extension cord that had been left in his cell by the former occupant. Extension cords were common items in the Campbell County Jail general population cells, and were used to power radios, TV's, fans, and other items. I believe it both courteous and proper under the circumstances to allow Williams to possess a

radio and extension cord in his cell, as he exhibited no suicidal tendencies to my knowledge.

13. Learning that Ted Williams committed suicide was a sad and complete surprise to me.

14. If and to the extent plaintiffs contend that I conspired with others to intentionally kill Ted Williams, I did no such things, and have no information that Williams' death resulted from any cause other than his voluntary choice to hang himself.

Further, affiant saith not.

_____
Ron McCellan

**STATE OF TENNESSEE** )
                                 )
**COUNTY OF** _____ )

Personally appeared before me Ron McClellan, with whom I am personally acquainted, and who acknowledged that she executed the within instrument for the purposes therein contained.

Witnessed my hand, at office, this the ____ day of _____, 2006.

_____
Notary Public

My Commission Expires:_____

4