IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MICHAEL LYNN GRAY, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   No. 3:03-CV-689 |
| | )   Jordan |
| CAMPBELL COUNTY, TENNESSEE, | ) |
| and RON McCLELLAN, SHERIFF | ) |
| OF CAMPBELL COUNTY, | ) |
| TENNESSEE, | ) |
| | ) |
|    Defendants. | ) |

**JOINT MOTION FOR CLASS CERTIFICATION AND NOTICE TO CLASS OF COMPROMISE AND DISMISSAL OF CLASS CLAIM**

Come the parties, by and through counsel as evidenced by their signature below, and respectfully move the Court pursuant to Fed.R.Civ.P. 23(a) and (b)(1) and (b)(2) to certify in this case a plaintiff class, and pursuant to Fed.R.Civ.P. 23(e), for Court approval of a proposed settlement reached between the parties to this action[1]. The requested class consists of all prisoners

---

[1] Two persons are named class representatives herein, Michael Gray and Jennifer Carroll. Although the original Complaint seeks damages for then lead Plaintiff Gray, Mr. Gray's whereabouts are unknown. Class counsel, John E. Eldridge, moved on November 22, 2005, to withdraw as Gray's counsel, having received no contact from Mr. Gray since the commencement of this action despite repeated attempts to contact Gray through mail, telephone and family members. [Doc. 32] Defendants assume the Court will likely grant Mr. Eldridge's Motion to Withdraw as Gray's counsel under the circumstances set forth in Mr. Eldridge's Affidavit. Since Mr. Gray has failed to notify his counsel or the Court of any change of address, Defendants further assume Mr. Gray's individual claim for damages, which is not part of the requested certified class, will be dismissed for failure to prosecute.

By Amendment to the Complaint granted without objection, Jennifer Carroll was added as a class representative. [Docs. 23 and 25]. A settlement of her individual claim for damages has been reached, and will result in an Agreed Order of Dismissal of her individual claim. These are the only two individual damages claims not included in the class action claims. [Docs. 1 and 25].

1

confined in the Campbell County Jail Facility within the year preceding the filing of the Complaint herein, all prisoners confined therein from that date to the present, and all future prisoners who will be housed in the Campbell County Jail facilities up until the time Campbell County opens a new Jail Addition by August, 2006. Such class would be limited to the issue of declaratory and injunctive relief concerning whether the conditions of confinement in the Campbell County Jail Addition and original facility (envisioned for housing approximately 44 low risk inmates) violated the Eighth Amendment Rights of the Plaintiff Class as a whole. Any individual claims for damages would not be within the class certification. In support of this Motion, the parties would show as follows.

Plaintiff Gray filed the original lawsuit, and Plaintiff Carroll was added by Amendment. Plaintiffs sought class certification under Fed.R.Civ.P. 23(a) and (b)(1) and (b)(2). Defendants filed Answers admitting that the prerequisites for class certification under those subsections of Rule 23 were proper. It was agreed by the parties that class certification would not be appropriate with respect to any individual claims for damages by specific, individual inmates alleging circumstances unique to them.

In their Answers, Defendants raised jurisdictional issues under the PLRA, 18 U.S.C. § 3626 *et seq.*, especially concerning an Order that might constitute a Prisoner Release Order, which would thereby trigger a requirement of a three-judge Court. No Order on class certification has been entered.

The parties are in agreement that the population in the Campbell County Jail is fluid, and ever-changing. Prosecution of separate actions would create a risk of inconsistent or varying adjudications which might be dispositive of the interests of other inmates and that the conditions alleged to violate the rights of the Plaintiff Class were generally applicable to the fluid, ever-changing class members.

As the Court is familiar from numerous Status Conferences, Campbell County issued bonds to build adjacent to the existing Jail an Addition to house approximately 95 inmates, to be designed pursuant to T.C.I. certification guidelines. The parties entered into extensive settlement negotiations. Those negotiations were successful in producing a mutually acceptable PSA entered into by the parties pursuant to Section 18 U.S.C. § 3626(c)(2) of the PLRA. A copy of the PSA reached by the parties is attached to this Motion and made a part thereof. Counsel for the Plaintiff Class has satisfied himself that the PSA is in the best interest of the Plaintiff Class.

As a result of the PSA, the parties request that such notice as the Court directs be given under Fed.R.Civ.P. 23(e), and after such notice, that an Order be entered approving the compromise and dismissal of the class claims. It is the suggestion of the parties that the notice requirement of Rule 23(e) would be met in this case by: 1) running, at Defendants' expense, a legal notice that a class action has been certified in this case and a proposed compromise and dismissal is being considered, which notice will direct the reader to the Office of Defendants' counsel from whom the reader can obtain a copy of the PSA; and 2) posting copies of the notice in the Campbell County Jail and/or public areas of the Sheriff's Department.

Premises considered, the parties jointly move the Court to certify this case as a class action under Fed.R.Civ.P. 23(a) and (b)(1) and (b)(2). The parties also request guidance on the notice to be given the class members concerning the proposed compromise and dismissal of the class claims.

Respectfully submitted this 13th day of December, 2005.

**ATTORNEY FOR PLAINTIFF CLASS**


s/John E. Eldridge, BPR #06667
(by John C. Duffy with permission)
John E. Eldridge, BPR #06667
Eldridge, Irvine & Gaines, PLLC
P. O. Box 84
Knoxville, Tennessee 37901-0084

3

**ATTORNEY FOR DEFENDANTS**

<u>s/John C. Duffy, BPR #010424</u>
John C. Duffy, BPR #010424
P. O. Box 11007
Knoxville, TN  37939-1007