LEATHA WILLIAMS, as guardian of )
a minor, LAUREN WILLIAMS and )
ALICIA WILLIAMS, )
                           )
     **Plaintiff,** )
                           )     **No. 3:05-cv-141**
**v.** )
                           )
**CAMPBELL COUNTY, TENNESSEE,** )
**ET AL.** )
                           )
     **Defendants.** )

## AFFIDAVIT OF CAMPBELL COUNTY CHIEF DEPUTY CHARLES SCOTT

Chief Deputy Charles Scott, after being duly sworn according to law, deposes and says as follows:

1. My name is Charles Scott. I have been Chief Deputy of the Campbell County Sheriff's Department for approximately 3 years.

2. I received an honorable discharge from the Army with the rank of Sergeant in 1970. I first became employed with the Campbell County Sheriff's Department in 1971 as a jailer/dispatcher, then a patrol deputy, and on up the ranks to Chief Deputy. After being employed for approximately ten years, I left the department as Chief Deputy to attend school full time. I graduated from Lincoln Memorial University with a bachelor's degree in Applied Science. After graduation, I began working for the Tennessee Bureau of Investigation (TBI) as a Field Agent in the Criminal Investigation Division. I was employed by the TBI working in the judicial circuit that includes Campbell County for twenty years before I retired. After my

1

retirement from the TBI in 2002, I returned to the Campbell County Sheriff's Department in 2003 as Chief Deputy.

3. Sheriff Ron McClellan frequently asks me to accompany him when he goes to the jail to speak with inmates. On February 18, 2004, at approximately 2:30 p.m., he asked me to go with him to talk to the decedent, Ted Williams. I was not personally acquainted with Williams, so I basically just observed the conversation between the Sheriff and Williams. During the approximately 45 minute conversation, Williams was in good spirits and joked and laughed about the charges against him.

4. I recall observing another conversation between Sheriff McClellan and Williams, when Williams was let out of his cell and allowed to accompany us to the kitchen to get a cup of coffee. At that time, he was also allowed to use the phone and take a shower. The decedent seemed to be in a good mood.

5. The conversations I observed between Sheriff McClellan and Williams were the only interaction I had with Williams during his incarceration. Williams did not express suicidal intent, verbally or otherwise, in my presence during my limited contact with him.

6. The TBI was asked to perform an inquiry into Williams' death. The case file was closed with no finding of wrongdoing by any employee of the Campbell County Sheriff's Department.

7. If and to the extent plaintiffs contend that I conspired with others to intentionally kill Ted Williams, I did no such things, and have no information that Williams' death resulted from any cause other than his voluntary choice to hang himself.

Further, affiant saith not.

_Charles H. Scott_
Charles Scott

2

**STATE OF TENNESSEE** )
                        )
**COUNTY OF** Campbell )

      Personally appeared before me Charles Scott, with whom I am personally acquainted, and who acknowledged that she executed the within instrument for the purposes therein contained.

      Witnessed my hand, at office, this the 16th day of August , 2006.

Katina Chapman
Notary Public

My Commission Expires: 2/3/2010

3